Andrew T. Bayman (admitted *pro hac vice*)
*abayman@kslaw.com*
**KING & SPALDING LLP**
1180 Peachtree Street, Suite 1600
Atlanta, GA 30309
Tel: (415) 572-4600
Fax: (415) 572-5100

Matthew J. Blaschke (SBN 281938)
*mblaschke@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200
Fax: (415) 318-1300

*Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROBERT TORRES,<br><br>        Plaintiff,<br><br>    vs.<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; BOEHRINGER INGELHEIM FREMONT, INC.; SANOFI US SERVICES, INC.; SANOFI-AVENTIS U.S. LLC; GLAXOSMITHKLINE, LLC; PFIZER, INC.; WALMART, INC.; COSTCO WHOLESALE CORPORATION; and DOES 1-100, inclusive.<br><br>        Defendants. | Case No. 2:22-cv-6220<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** |

1

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") hereby submits this notice of removal of this action, *Robert Torres v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, Case No. 21STCV32491, from the Superior Court of California for the County of Los Angeles.  As grounds for removal, BIPI states as follows:

**INTRODUCTION**

1.      This action is one of many related lawsuits filed against manufacturers and retailers of Zantac (ranitidine) relating to cancers allegedly caused by the drug.  On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*, cases "in which plaintiffs allege that they developed cancer as a result of NDMA formed from Zantac."  *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020).  The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary."  *Id.*  To date, thousands of actions have been transferred to the Zantac MDL, with more (including this action) surely to follow.

2.      None of the national pharmaceutical manufacturers or retailers typically named in these ranitidine-related cases is a citizen of California.  In an effort to destroy diversity jurisdiction, however, this Complaint names a California-based subsidiary of Boehringer Ingelheim Corporation, Boehringer Ingelheim Fremont, Inc. (hereinafter "BI Fremont").  Copies of Plaintiff's Complaint and all other documents filed in the case are attached as **Exhibit 1**.  However, BI Fremont has never manufactured or distributed any ranitidine-containing products.  *See* **Exhibit 2,** Decl. of Karen Kramer ("Kramer Decl.") ¶ 5. As such, Plaintiff cannot possibly state a cause of action against BI Fremont, and its citizenship must therefore be ignored for purposes of diversity jurisdiction.

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

3.     Thus, the basis for removal here is materially identical to the basis for federal jurisdiction over dozens of substantially similar ranitidine-related cases previously transferred to the MDL:  there is complete diversity of citizenship between Plaintiff and all properly joined Defendants.

**BACKGROUND**

4.     On September 1, 2021, Plaintiff Robert Torres filed his Complaint in the Superior Court of California for County of Los Angeles against entities that Plaintiff alleges are current and former manufacturers of Zantac/ranitidine and that Plaintiff alleges are current and former distributors of Zantac/ranitidine.  *See* **Exhibit 1**.

5.     The thrust of the Complaint—like others in the MDL—is that Plaintiff ingested Zantac/ranitidine and, as a direct and proximate result, developed cancer. Compl. ¶¶ 14-15.  Specifically, Plaintiff alleges that he was diagnosed with prostate cancer, which was directly and proximately caused by his use of ranitidine-containing products. *Id*.

6.     The Complaint alleges twelve causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Products Liability – Design Defect; (3) Strict Products Liability – Manufacturing Defect; (4) Negligence – Failure to Warn; (5) Negligent Product Design; (6) Negligent Manufacturing; (7) General Negligence; (8) Negligent Misrepresentation; (9) Breach of Express Warranties; (10) Breach of Implied Warranties; (11) Violation of Consumer Protection and Deceptive Trade Practices Laws; and (12) Unjust Enrichment. *Id*. ¶¶ 238-432.

**VENUE AND JURISDICTION**

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1441(a), and 1446(a) because the Superior Court of the State of California for the County of Los Angeles, where the Complaint was filed, is a state court within the Western Division of the Central District of California.

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000 exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

**I.     There Is Complete Diversity of Citizenship Between Plaintiff and All Properly Joined Defendants.**

9.      There is complete diversity of citizenship here because Plaintiff is a California citizen, and all properly joined Defendants are citizens of states other than California.

10.     For purposes of diversity jurisdiction, an individual is a citizen in the state in which he or she is domiciled.  *See Kantor v, Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).   A party's "place of residence is prima facie evidence of domicile." *Angelic Cuevas v. Lowes Home Ctrs., LLC*, No. 20-CV-2755, 2020 WL 6439174, at *3 (C.D. Cal. Aug. 5, 2020) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Plaintiff alleges that he "is a U.S. citizen and a resident of the County of Los Angeles, in the State of California."  Compl. ¶ 14. Therefore, Plaintiff is a citizen of California.

11.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).   A limited liability company "is a citizen of every state in which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12.     Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut.  Compl. ¶ 18.  Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

13.     Defendant Sanofi US Services Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey. *Id.* ¶ 24.  Sanofi US Services Inc. is, therefore, a citizen of Delaware and New Jersey.

14.     Defendant Sanofi-Aventis U.S. LLC is a limited liability company.  The sole member of Sanofi-Aventis U.S. LLC is Sanofi US Services Inc., a Delaware corporation with its principal place of business in New Jersey. *Id.* ¶ 24.  Sanofi-Aventis U.S. LLC is, therefore, a citizen of Delaware and New Jersey.

15.     Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. *Id.* ¶ 22.  Pfizer Inc. is, therefore, a citizen of Delaware and New York.

16.     Defendant GlaxoSmithKline LLC is a limited liability company. The sole member of GlaxoSmithKline LLC is GlaxoSmithKline Holdings (America) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. *Id.* ¶ 21.  GlaxoSmithKline LLC is, therefore, a citizen of Delaware.

17.     Defendant Walmart Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bentonville, Arkansas.  *Id.* ¶ 30.  Walmart Inc. is, therefore, a citizen of Delaware and Arkansas.

18.     Defendant Costco Wholesale Corporation is a corporation organized under the laws of Washington with its principal place of business in Issaquah, Washington. *Id.* ¶ 32.  Costco Wholesale Corporation is, therefore, a citizen of Washington.

19.     The citizenship of Defendants "Does 1 to 100" is disregarded when assessing diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded"); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

20.     Because Plaintiff is a citizen of California and all properly joined Defendants are citizens of states other than California, complete diversity of citizenship exists between Plaintiff and all properly joined Defendants.  *See* 28 U.S.C. § 1332(a).

**II.     BI Fremont Is Fraudulently Joined.**

21.     BI Fremont is fraudulently joined, and its California citizenship should be disregarded, because it did not manufacture, market or sell any ranitidine-containing products. Plaintiff therefore cannot state a cause of action against BI Fremont.

22.     A defendant is fraudulently joined and its presence in the lawsuit is ignored for purposes of determining diversity where there is no "possibility that a state court would find that the complaint states a cause of action" against it. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding a defendant is fraudulently joined "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state") (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (same).

23.     Under California law, each of the claims asserted against BI Fremont—strict liability, negligence, negligent misrepresentation, breach of warranty, consumer protection and unjust enrichment—requires that the named defendant have some connection to the allegedly defective product.[1] *See, e.g.*, *State Farm General Ins. Co. v. Gen. Elec. Co.*, 2011 WL 1833063, at *2 (E.D. Cal. May 12, 2011) ("All causes of action [for negligence, strict liability, and breach of implied warranty] require a specific relationship between plaintiff and defendant. . . . [Plaintiff] has failed to show there is a disputed issue of material fact as to [defendant's] involvement in the manufacture or

---

[1] In addition, there can be no claim for unjust enrichment because California does not recognize unjust enrichment as a standalone cause of action. *See, e.g.*, *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *Forcellati v. Hyland's Inc.*, 876 F. Supp. 2d 1155 (C.D. Cal. June 1, 2012).

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

1  sale of the [defective product]."); *id.* ("In California, it is inappropriate to impose strict

2  liability on an entity 'that is not part of the manufacturing or marketing enterprise of the

3  allegedly defective product that caused the injury in question.'") (citing *Peterson v. Sup.*

4  *Court*, 10 Cal. 4th 1185, 1188 (1995)); *Wallace v. BCS Ins. Co.*, 2008 WL 149150, at

5  *24-25 (E.D. Cal. Jan. 14, 2008) (claim under Cal. Bus. & Prof. Code §§ 17000 *et seq.*

6  requires proof of causation); *Pacific Select Fund v. Bank of New York Mellon, et al.*,

7  2010 WL 11468787, at *2-4 (C.D. Cal. Sept. 20, 2010) (dismissing negligent

8  misrepresentation claim for lack of causation); *Mosier v. Stonefield Josephson, Inc.*,

9  815 F.3d 1161, 1173 (9th Cir. 2016) (noting that Plaintiff's failure to come forward with

10  evidence of causation is fatal to his unjust enrichment claim).[2]

11       24.    In product liability actions such as this, courts therefore will find

12  defendants to be fraudulently joined when they have no involvement in the manufacture

13  or supply of the allegedly defective product. *See, e.g.*, *In re Roundup Prods. Liability*

14  *Litig.*, 2021 WL 5149862, at *2 (N.D. Cal. Nov. 5, 2021) (denying motion to remand

15  because Defendant Conroy never marketed, sold or distributed the Roundup at issue

16  and was thus fraudulently joined to defeat diversity); *Jacob v. Mentor Worldwide, LLC*,

17  393 F. Supp. 3d 912, 922 (C.D. Cal. 2019) (finding fraudulent joinder when the

18  defendant "did not manufacture silicone and was not involved in the development of

19  the MemoryGel Implant"); *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d

20  1151, 1153-54 (N.D. Cal. 2009) (finding the defendant was fraudulently joined where

21  it did not market or sell the product at issue to plaintiffs).

22       25.    Here, the Complaint alleges that Plaintiff "suffered personal injuries as a

23  result of using Defendants' dangerously defective ranitidine-containing products" and

24  _____

25  [2] *See also, e.g.*, *Doupnik v. Gen. Motors Corp.*, 225 Cal. App. 3d 849, 859 (Cal. Ct. App. 1990) (a plaintiff must establish that his or her injury was caused by "a defect in

26  [the product's] manufacture which existed when it left possession of defendants");

27  *Podobedov v. Living Essentials, LLC*, 2012 WL 2513458, at *4 (C.D. Cal. Mar. 22, 2012) (to recover for breach of warranty, a plaintiff must show that the defendant

28  expressly or impliedly warranted the goods sold).

1  that he "was diagnosed with prostate cancer, which was directly and proximately caused
2  by his use of ranitidine-containing products."   Compl. ¶¶ 14-15. But none of the
3  allegations are directed towards BI Fremont, because BI Fremont never manufactured,
4  marketed or sold ranitidine-containing products.

5    26.    GlaxoSmithKline held the New Drug Application ("NDA") for
6  prescription Zantac beginning in 1983, *id.* ¶ 46, and manufactured and marketed the
7  drug.

8    27.    Several entities, but *not* BI Fremont, held the NDA's for over-the-counter
9  ("OTC") Zantac.  Specifically, from 1993 to 1998, GlaxoSmithKline and Warner-
10 Lambert formed a joint venture to develop OTC Zantac. *Id.* ¶ 48.

11    28.    In 1998, the joint venture ended, and Warner-Lambert retained control of
12 the NDAs for OTC Zantac in the United States. *Id.* ¶ 49. In 2000, Pfizer took control of
13 the OTC NDAs. *Id.* ¶¶ 50-51.

14    29.    In 2006, the rights to OTC Zantac passed to BIPI. Kramer Decl. ¶ 7. BIPI
15 is (and always has been) a separate and distinct legal entity from BI Fremont in both
16 form and function. *Id.* ¶ 8.

17    30.    And in 2017, the rights to OTC Zantac passed from BIPI to Sanofi in
18 January of 2017. *See* **Exhibit 3**, *Sanofi Delivers 2017 Business EPS in line with*
19 *Guidance* (Feb. 7, 2018) ("Fourth-quarter and 2017 accounts reflect the acquisition of
20 the former Boehringer Ingelheim Consumer Healthcare (CHC) business and the
21 disposal of the Animal Health business (completed on January 1, 2017).")

22    31.    Because all of Plaintiff's claims require that he sue the party who caused
23 the alleged injury, and BI Fremont did not manufacture, market or sell the ranitidine-
24 containing products Plaintiff purportedly ingested, there is "no possibility that a state
25 court would find that the complaint states a cause of action" against BI Fremont.
26 *Grancare*, 889 F.3d at 548-49. BI Fremont is thus fraudulently joined, and its
27 citizenship should be disregarded for purposes of removal.

28

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

**III.     The Amount in Controversy Exceeds $75,000.**

32.     Plaintiff's claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

33.     California Code of Civil Procedure Section 425.10(b) prevents a plaintiff from stating a specific damage claim in a personal injury action.

34.     Where a complaint does not allege a specific amount of damages, "the Court must first consider 'whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.'" *Mobasser v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02567, 2013 WL 12142942, at *2 (C.D. Cal. June 13, 2013) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)); *see also Campbell v. Bridgestone/Firestone, Inc.*, No. 05-CV-01499, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (holding that it was apparent from the complaint that the amount in controversy was met where plaintiffs asserted strict products liability, negligence, and breach of warranty claims against multiple defendants and sought compensatory damages, hospital and medical expenses, general damages, and loss of earning capacity).

35.     Courts regularly find that the amount-in-controversy requirement has been satisfied where, as here, a plaintiff alleges serious bodily injury. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296-97 (S.D.N.Y. 2001). Moreover, California courts have awarded compensatory and punitive damages in excess of $75,000 in products liability cases where such injuries are alleged. *See, e.g.*, *Karlsson v. Ford Motor Co.*, 45 Cal. Rptr. 3d 265, 268 (Cal. Ct. App. 2006); *Jones v. John Crane, Inc.*, 35 Cal. Rptr. 3d 144, 148-49 (Cal. Ct. App. 2005).

36.     Complaint alleges that Plaintiff "suffered personal injuries as a result of using Defendants' dangerously defective ranitidine-containing products" and that he "was diagnosed with prostate cancer, which was directly and proximately caused by his use of ranitidine-containing products." Compl. ¶¶ 14-15. Plaintiff further seeks

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

punitive damages and attorney's fees.  *Id.*, Prayer for Relief.  Courts have found that allegations of serious injury in product liability actions, including allegations of cancer like those Plaintiff makes here, support an inference that the amount-in-controversy requirement has been met.  Indeed, in another Zantac case in which the plaintiff similarly claimed cancer as an injury, a federal court in the District of Nevada recently denied a motion to remand where the amount in controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the injury.  *See Brooks v. Sanofi S.A.*, No. 20-CV-565, 2020 WL 1847682 (D. Nev. Apr. 13, 2020).

37.     Finally, in the thousands of personal injury cases pending in the Zantac MDL, each plaintiff either expressly claims damages in excess of $75,000 or has impliedly done so by filing a lawsuit in federal court and invoking federal diversity jurisdiction.  Plaintiffs in these cases allege that they have been diagnosed with cancer, as Plaintiff here claims.  *See, e.g.*, *Woodman v. Sanofi S.A.*, No. 20-CV-80819 (S.D. Fla.); *Watts v. Boehringer Ingelheim Pharms., Inc.*, No. 20-CV-80823 (S.D. Fla.). Although BIPI denies that Plaintiff is entitled to any damages, like those cases, this case meets the requirements for federal diversity jurisdiction.  *See Dart Cherokee Basin Operation Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (holding that a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

## III.     All Other Removal Requirements Are Satisfied.

38.     This Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b).

39.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  Upon information and belief, no Defendant has been served to date and therefore their consent is not required here.

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

40.     Nonetheless, Defendants GlaxoSmithKline LLC, Pfizer, Inc., Sanofi US Services, Inc. and Sanofi-Aventis U.S. LLC consent to this removal.

41.     Fraudulently joined defendants, like BI Fremont, are not required to join in the removal. *See United Computer Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

42.     The unidentified defendants Does 1-100 are likewise not required to consent to removal. *See Hafiz v. Greenpoint Mortg. Funding*, 409 F. App'x 70, 72 (9th Cir. 2010) (nominal parties are not required to consent to removal).

43.     BIPI is providing Plaintiff with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

44.     Pursuant to 28 U.S.C. § 1446(d), BIPI is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

45.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to BIPI at the time of filing this Notice—are attached hereto as **Exhibit 1**.

46.     By filing this Notice of Removal, BIPI does not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.  If any question arises regarding the propriety of the removal to this Court, BIPI requests the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

### CONCLUSION

WHEREFORE, BIPI gives notice that the matter bearing Case No. 21STCV32491, pending in the Superior Court of California for the County of Los Angeles, is removed to the United States District Court for the Central District of

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

1 | California – Western District, and request that this Court retain jurisdiction for all

2 | further proceedings in this matter.

3

4 | Dated: August 31, 2022      /s/ _____

Andrew T. Bayman (admitted *pro hac vice*)

5 | *abayman@kslaw.com*
**KING & SPALDING LLP**

6 | 1180 Peachtree Street, Suite 1600
Atlanta, GA 30309

7 | Tel: (415) 572-4600
Fax: (415) 572-5100

8

9

10 | Matthew J. Blaschke (SBN 281938)
*mblaschke@kslaw.com*

11 | **KING & SPALDING LLP**
50 California St., Ste. 3300

12 | San Francisco, CA 94111
Tel: (415) 318-1200

13 | Fax: (415) 318-1300

14

15 | *Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

12